# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL NO. 5:05CV209-V

| | |
|---|---|
| STATE OF NEBRASKA, ex. rel. ) <br> L. TIM WAGNER, DIRECTOR OF ) <br> INSURANCE OF THE STATE OF ) <br> NEBRASKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 3300 CENTENNIAL, L.L.C., a North ) <br> Carolina Limited Liability Company, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | **MEMORANDUM AND ORDER** <br> **STAYING PROCEEDINGS** |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Stay" (document #8) and "Brief in Support ..." (document #9), both filed October 14, 2005; and the "Defendant's Response ..." (document #11) filed October 31, 2005. On November 10, 2005, the Plaintiff filed its "Reply ..." (document #10).[1]

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

This matter concerns the failure of a Nebraska insurance company, Amwest Surety Insurance Company ("Amwest"), that on June 7, 2001 was adjudged insolvent and ordered to be liquidated by the District Court of Lancaster County, Nebraska.

The Plaintiff alleges that shortly before being declared insolvent, on April 13, 2001, Amwest unlawfully paid a claim made by Defendant 3300 Centennial, L.L.C., a North Carolina limited

---

[1] Although the Defendant's Response was actually filed ten days <u>prior</u> to the Plaintiff's Reply, the Clerk of Court apparently docketed these briefs out of order.

liability company, in the amount of $1,047,000.00 and in violation of Neb. Rev. Stat. § 44-4821, the "Insurer's Supervision, Rehabilitation and Liquidation Act" ("ISRLA"). The parties agree that claims under the ISRLA are governed by a four-year statute of limitations.

On June 6, 2002, the Plaintiff, L. Tim Wagner, the Director of Insurance of the State of Nebraska, brought suit in the same Nebraska court seeking to recover the payment as a preference under the ISRLA. See State of Nebraska, ex. rel. L. Tim Wagner, Director of Insurance of the State of Nebraska v. 3300 Centennial, L.L.C., Nebraska District Court Case No. 03-2069.

Subsequently, the Defendant responded in the Nebraska action with a Motion to Dismiss for lack of personal jurisdiction, contending that there is no basis for personal jurisdiction over the Defendant in any forum other than a court sitting in North Carolina.

On October 25, 2004, the Nebraska court denied the Defendant's Motion to Dismiss and the case proceeded. Presently, the Plaintiff's Motion for Summary Judgment is pending in the Nebraska action.

On June 3, 2005, four days prior to the expiration of the statute of limitations on his ISRLA claim, the Plaintiff filed an essentially identical Complaint in the United States District Court for the Western District of North Carolina. The Plaintiff credibly alleges that he filed the duplicate action merely as a "procedural precaution," that is, to avoid his ISRLA claim being time-barred in the event that the Defendant should prevail on the issue of personal jurisdiction in the Nebraska appellate courts.

On October 14, 2005, the Plaintiff filed his Motion to Stay this action, pending the outcome of the Nebraska action.

In its Response, the Defendant contends generally that having brought two actions, the

Plaintiff should be required to prosecute both of them simultaneously.

The parties agree that an adjudication on the merits in the Nebraska action will act as res judicata as to all issues in this action, and it is well settled that federal courts have the discretion to decline to adjudicate claims where a prior, parallel action is pending in state court. See, e.g., Colorado River Water Conservation District v. United States, 424 U.S. 800, 818-19 (1976) (affirming dismissal of second-filed, duplicative federal action); and Chase Brexton Health Services, Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (whether to issue stay under Colorado River doctrine within district court's discretion).[2]

As the Plaintiff points out in his briefs, given that the Nebraska action has advanced to the dispositive motion stage, a stay in this action, which is in its infancy, will cause minimal, if any, hardship to the parties. Staying this action would also appear to be consistent with principles of judicial efficiency and "wise judicial administration." Chase Brexton Health Services, Inc., 411 F.3d at 463.

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. The "Plaintiff's Motion to Stay" (document #8) is **GRANTED,** that is, this matter is **STAYED** pending further Orders of this Court.

2. The parties are **ORDERED** to report the outcome of the Nebraska action within 14 days of issuance of a decision on the Plaintiff's Motion for Summary Judgment or other resolution of that

---

[2] Although recognizing that unpublished decisions have no precedential value, the undersigned notes that on nearly identical facts, the Fourth Circuit Court of Appeals has reversed a district court's failure to issue a stay. See Sto. Corp. v. Lancaster Homes, Inc., 11 Fed. Appx. 182, 190 (4th Cir. 2001) (reversing dismissal of duplicate federal action, issuing stay pending outcome of state case, and noting that the district court "should retain the present case on its docket because otherwise the statute of limitations could bar [plaintiff] from refiling its claims against [defendant] in any court").

matter.

      3. The Clerk is further directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Richard L. Voorhees</u>.

    **SO ORDERED**.

_____

Carl Horn, III
United States Magistrate Judge